

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

Honorable P. R. Johnston
County Attorney
Reagan County
Big Lake, Texas

Dear Sir:

Opinion Number O-5254
Re: Under the facts stated is the
County of Reagan liable to the
permanent school fund for the
loss of $3840.00 on the City
of Eastland bonds under the
readjustment of indebtedness
plan?

We are in receipt of your letter requesting an opin-
ion on the question stated therein, and we quote the following
from your letter:

"Statement of Facts: The Commissioners Court
of Reagan County invested $6,000.00 of permanent
school funds in City of Gorman bonds which later
became practically worthless and were traded by
the Commissioners Court for City of Eastland bonds
of similar amount on which $40.00 was finally paid
on the principal, leaving $5,940.00 still due upon
the face of the bonds, when the City of Eastland
filed suit in the Federal Court for an adjustment
of its bonded indebtedness. The County of Reagan
also owned $16,700.00 of said City of Eastland
bonds, and upon advise of counsel the Commission-
ers court agreed and went in on the readjustment
plan proposed by the City of Eastland so as to
prevent the loss of the investment in the bonds as
it was advised by counsel. The readjustment was
finally worked out, and the County received under

Honorable T. R. Johnston, page #2

the plan $2,700.00 of the new bonds for the
$5,940.00 of original bonds and paid in con-
nection therewith about $49.00 partly from per-
manent school funds as the pro rata part of the
expenses of the readjustment plan, the balance
being paid from the general school fund; and the
County received about $7,000.00 of the new bonds
for the $16,700.00 which it owned of the old
bonds and paid about $107.00 on the readjustment
expense.

"QUESTION:  Under such state of facts is the
County of Reagan liable to the permanent school
fund for the loss of $5,940.00 on the City of
Eastland bonds under the readjustment of indebt-
edness plan.

"OPINION:  I am of the opinion that the County
would be liable to the permanent school fund for
the loss."

We concur in your opinion that the County is liable
to the permanent school fund for the loss sustained on these
bonds.  The applicable portion of Art. 7, Sec. 6 of the Con-
stitution is clear and unambiguous. We quote from this sec-
tion the following:  "Said lands, and the proceeds thereof,
when sold, shall be held by said counties alone as a trust
for the benefit of public schools therein; said proceeds to
be invested in bonds of the United States, the State of Texas
or counties in said State, or in such other securities, and
under such restrictions as may be prescribed by law; and the
counties shall be responsible for all investments."

Article 2824, Revised Civil Statutes of Texas, reads
as follows:

"Each county may sell or dispose of the lands
granted to it for educational purposes in such
manner as may be provided by the commissioners
court of such county, and the proceeds of any

Honorable T. R. Johnston, page #3

such sale shall be invested in bonds of the
United States, the State of Texas, the bonds
of the counties of the State, and the inde-
pendent or common school districts, road
precinct, drainage, irrigation, navigation
and levee districts in this State, and the
bonds of incorporated cities and towns, and
held by such county alone as a trust for the
benefit of public free schools therein, only
the interest thereon to be used and expended
annually."

The opinion in the case of Comanche County, et al.,
v. Burks, et al., 166 S. W. 470, cited by you, states the
law in the following language:

"(5) Section 6, Art. 7, of the Constitu-
tion, so far as applicable, provides: 'All
lands heretofore or hereafter granted to the
several counties of this state for education-
al purposes, are of right the property of said
counties, respectively, to which they were
granted, and title thereto is vested in said
counties; and no adverse possession or limita-
tion shall ever be available against the title
of any county. Each county may sell or dis-
pose of its lands, in whole or in part, in
manner to be provided by the commissioners'
court of the county. * * * Said lands and the
proceeds thereof, when sold, shall be held by
said counties alone as a trust for the benefit
of public schools therein; said proceeds to be
invested in bonds of the United States, the
State of Texas, or counties in said state, or
in such other securities and under such restric-
tions as may be prescribed by law; and the county
shall be responsible for all investments; the
interest thereon and other revenue except the
principal, shall be available fund.' A reading
of this section of the Constitution makes it
manifest, it seems to us, that the commissioners'

255

court of the county, in making an investment of the proceeds therein specified, must act in a judicial or quasi judicial capacity. The county for which they act holds the proceeds as an express trust, and the investment thereof in the securities named in the Constitution or otherwise, as may be prescribed by law, necessarily involves an exercise of judgment and discretion. The counties also, by the express terms of the Constitution, are 'responsible for all investments.' As alleged, and as shown in the court's findings, the commissioners' court from time to time appropriated to the general uses of Comanche County specified sums of the proceeds which had arisen from the sale of the county school lands."

We have been unable to find any cases holding to the contrary and therefore advise you that in our opinion Reagan County is liable to the permanent school fund of the county for the loss sustained by that fund on the City of Eastland bonds.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By C. F. Gibson
C. F. Gibson
Assistant

CFG-s

APPROVED NOV 8, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

O.K.
C.C.R.



APPROVED OPINION COMMITTEE BY BWB CHAIRMAN